IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. | 7:20-CV-429 |
| § | | |
| 11.399 ACRES OF LAND, MORE OR § | | |
| LESS, SITUATE IN STARR COUNTY, § | | |
| STATE OF TEXAS; AND JUAN § | | |
| INDALECIO § | | |
| GARCIA § | | |
| § | | |
| *Defendants.* § | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedures, Hilda Garcia Concepcion, Assistant United States Attorney on behalf of the United States, and attorney Gregory Kerr, counsel for Defendant Juan Indalecio Garcia, conferred via electronic correspondences on April 21, 2021 and April 23, 2021.

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

3. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property, and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at

    8 USC 1103(b) & note; and the Act of Congress approved March 23, 2018, as Public Law 115-141, div. F., tit. II, 132 Stat. 348, which appropriated the funds that shall be used for the taking.

4. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

5. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   None.

7. **List anticipated interventions.**

   None.

8. **Describe any class-action issues.**

   None.

9. **State whether each party represents that is had made the initial disclosures required by FRCP 26(a).  If not, describe the arrangements that have been made to complete such disclosures.**

   The United States and Defendant Juan Indalecio Garcia will provide initial disclosures based on plans prior to the Executive Order issued by President Biden pursuant to Rule 26(a)(1)(A) before the Initial Pretrial and Scheduling Conference set for May 5, 2021.

10. **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

    None.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

    Should plans for use of the property continue as stated in Schedule B of the

Declaration of Taking, the United States anticipates sending interrogatories to the Property Owner after the entry of this Court's scheduling order.

C. **When and to whom the defendant anticipates it may send interrogatories?**

Defendant Juan Garcia does not anticipate sending interrogatories in this action if Plaintiff and Defendant Juan Garcia stipulate to revestment of title of the property taken to Defendant Juan Garcia—assuming that terms agreeable to the Parties can be worked out. However, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates sending interrogatories to Defendant San Juanita Garza within forty-five (45) after the entry of this Court's Scheduling Order on the issue of just compensation.

D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the United States anticipates taking oral depositions of the Property Owner's fact witnesses and other relevant witnesses prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

E. **Of whom and by when the defendant anticipates taking oral depositions?**

Defendant Juan Garcia does not anticipate taking oral depositions in this action if Plaintiff and Defendant Juan Garcia stipulate to revestment of title of the property taken to Defendant Juan Garcia—assuming that terms agreeable to the Parties can be worked out. However, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Defendant Juan Garcia anticipates taking the oral deposition of any persons with knowledge of relevant facts or persons identified in Plaintiff's disclosures. Defendant Juan Garcia also intends to depose agents of Plaintiff and its designated representatives. Defendant Juan Garcia anticipates that these depositions will likely be scheduled after the parties have exchanged and responded to written discovery and will be completed by the discovery deadline set by this Court.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

The Defendant has the burden of proof regarding the issue of just compensation in this action. Defendant Juan Garcia does not anticipate designating experts in this action if Plaintiff and Defendant Juan Garcia stipulate to revestment of title of the property taken to Defendant Juan Garcia—assuming that terms agreeable to the Parties can be worked out. However, should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Defendant Juan Garcia anticipates designating experts and providing reports required under Rule 26(a)(2)(B) within 180 days of the entry of the scheduling order in this case.

The United States anticipates being in a position to designate responsive experts within 180 days of the scheduling order in this case. The United States would

request a second deadline to allow for rebuttal experts if the United States is ordered to designate experts on the same date as defendant.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The Defendants are the parties with the burden of proof regarding the issue of just compensation in this action. Defendant Juan Garcia anticipates taking the deposition of any expert designated by Plaintiff by the end of the discovery period set by the Court.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

The United States anticipates deposing any experts designated by the Defendants by the end of the discovery period as set out by the Court in its Scheduling Order.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties are in agreement on the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    No discovery has yet been undertaken. On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States is awaiting guidance on whether it will be allowed to proceed with this case.

13. **State the date the planned discovery can reasonably be completed.**

    Subject to guidance from the Administration as to this condemnation to construct wall/bollard fence, the United States anticipates that discovery can be reasonably completed within 9 months after the entry of the Court's scheduling order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties have not been able to determine or agree on appropriate compensation for the taking. Additionally, on January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States is awaiting guidance on whether it will be allowed to proceed with this case or the plans for use of the Subject Property continue as designated in Schedule B of the Declaration of Taking. The parties are hopeful a settlement can be reached prior to the time of trial should plans for use of the property continue as stated in Schedule B of the Declaration of Taking. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Defendant is interested in

revestment of title, if allowed.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Prior to filing suit, between September and October 2020, The United States Army Corps of Engineers (USACE) send made attempts to contact record owner of the subject property.

    Between October and December 2020, DOJ reviewed ownership documents and attempted to communicate with defendant's new attorney of record.

    Unfortunately, condemnation was needed and sought in December 2020 before defendant had retained new counsel representation.

    On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. The United States continues to await guidance on whether it will be allowed to proceed with this case. Should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, the parties will resume settlement negotiations in detail. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Defendant is interested in revestment of title.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to this case being tried before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    The United States makes no demand for a jury trial.

    Defendant has demanded a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The parties anticipate that it will take no more than 16 hours to try this case.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other motions pending.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The United States notes that the uses of the property as stated in Schedule B may change depending on the awaited guidance from the Administration. In the event that the United States will no longer proceed with construction of infrastructure as stated in Schedule B, Defendant is interested in revestment of title, if allowed.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed its Disclosure of Interested Parties on January 15, 2021 (Dkt. 7).

    Defendant filed its Disclosure of Interested Parties on April 23, 2021 (Dkt. 13).

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

COUNSEL FOR PLAINTIFF:
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone:  (956) 618-8004
Facsimile:  (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov
Attorney-in-Charge

COUNSEL FOR DEFENDANT:
**GREGORY P. KERR**
Federal ID Number: 2248227
State Bar Number: 24078781
Jones, Galligan, Key & Lozano, LLP
2300 W. Pike Blvd., Suite 300
Weslaco, TX 78596
Telephone: 968-5402
Email: gkerr@jgkl.com

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

By:   s/ *Gregory P. Kerr*  (with permission)
**GREGORY P. KERR**
Federal ID Number: 2248227
State Bar Number: 24078781
Jones, Galligan, Key & Lozano, LLP
2300 W. Pike Blvd., Suite 300
Weslaco, TX 78596
Telephone: 968-5402
Email: gkerr@jgkl.com

By:   s/ *Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on April 23-27, 2021, a copy of the foregoing document was electronically filed on the CM/ECF system, and sent via regular mail to all parties.

By:   s/ *Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney